UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE CHRISTOPHER ARNETT,

          Petitioner,          Case No. 1:18-cv-179

v.                                  Honorable Paul L. Maloney

THOMAS MACKIE,

          Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes Petitioner has failed to exhaust his available state-court remedies as to all of the claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.  Factual allegations

Petitioner Jamie Christopher Arnett is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Michigan. On November 15, 2013, a Tuscola County Circuit Court jury, found Petitioner guilty of 20 counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b(1)(a). On January 2, 2014, the court sentenced Petitioner to 20 concurrent sentences of 25 years to 37 years, six months' imprisonment.

On February 14, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on February 14, 2018. (Pet., ECF No. 1, PageID.14.)

The petition purports to raise four grounds for relief, paraphrased as follows:

I.  Petitioner was denied effective assistance of counsel and a fair trial where his attorney failed to object to the forensic interviewer and other vouching for the credibility of the child complainant.

II.  The trial court erred in allowing into evidence the recorded interview of the child complainant with the forensic interviewer and Petitioner was deprived of effective assistance of counsel because his attorney did not object.

III.  Petitioner received ineffective assistance of counsel because his attorney did not completely advise him of his chances of an acquittal.

IV.  Petitioner was deprived of his constitutional right to counsel because he received ineffective assistance of counsel in the failure to his trial attorney to consult with or call an expert pediatrics witness.

(Pet., ECF No.1-1, PageID.17-19.) Petitioner raised each of these issue on his direct appeal.

Petitioner has also indicated his intention to raise three additional issues, paraphrased as follows:

> V. Petitioner was deprived of his federal and state constitutional right to the effective assistance of appellate counsel on his appeal as of right in the Michigan Court of Appeals where, on remand from the court of appeals, court-appointed appellate counsel failed to file a timely motion in the trial court for an evidentiary hearing to establish a record of Petitioner's ineffective assistance of trial counsel claim related to trial counsel's failure to properly advise Petitioner regarding a plea offer.
>
> VI. Petitioner was deprived of his federal and state constitutional right to the effective assistance of appellate counsel on his appeal as of right in the Michigan Court of Appeals where, on remand from the Michigan Supreme Court, retained appellate counsel failed to make an appearance and file, on Petitioner behalf, a brief in response to the Michigan Supreme Court order vacating, in part, the April 28, 2015, judgment of the court of appeals.
>
> VII. Petitioner was deprived of his federal and state constitutional right to a jury trial under the principles set forth in *Alleyne v. United States*, 570 U.S. 99 (2013) and *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), where the trial court engaged in judicial fact-finding in the scoring of offense variables in determining the Defendant's maximum sentence of 37 years and 6 months.

(*Id.*) As of the date he filed his petition, Petitioner had not yet raised these issues in the state courts. He has asked the Court to stay his habeas petition and hold it in abeyance pending resolution of a planned motion for relief from judgment in the state courts.

II. Motion to Amend the Petition

The Court construes Petitioner's request first as a motion to amend his petition to add issues V-VII. Petitioner may amend the petition once as a matter of course, without permission of the trial court under Federal Rule of Civil Procedure 15(a), made applicable to habeas actions by 28 U.S.C. § 2242. *Mayle v. Felix*, 545 U.S. 644 (2005). Accordingly, the Court will consider issues V-VII as part of the petition.

3

### III. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has exhausted his state court remedies with respect to issues I-IV. He has not with respect to issues V-VII.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise issues V-VII. He may file a motion

4

for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Tuscola County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

        IV.      <u>Stay and Abeyance</u>

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court vacated part of the court of appeals' judgment and remanded to that court. The Michigan Court of Appeals issued its opinion after remand on May 10, 2016, again denying Petitioner any relief. Petitioner filed a new application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied that application on November 30, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 28, 2017. Accordingly, absent tolling, Petitioner would have one year, until February 28, 2018**,** in which to file his habeas petition. Petitioner filed the instant petition on February 14, 2018, just fourteen days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Issue VII is plainly meritless. In Michigan, unless the only punishment prescribed by law for an offense is life imprisonment, the court imposing sentence must fix a minimum term of imprisonment and a maximum term; however, the maximum penalty provided by statute is the maximum term. Mich. Comp. Laws §§ 769.8, 769.9. For some offenses, the maximum penalty is fixed. *See, e.g.*, Mich. Comp. Laws § 750.218(4) (obtaining money of a value of $1,000.00 or

more, but less than $20,000.00 by use of a false pretense—5 years). For other offenses, such as CSC-I, the crime of which Petitioner was convicted, the maximum penalty is life or any term of years. Mich. Comp. Laws § 750.520b(2). Thus, the trial court has complete discretion to impose a maximum penalty. Mich. Comp. Laws § 769.9(2). The *Lockridge* court determined that there was no constitutional infirmity if judge-found-facts were used in support of a discretionary sentence. *Lockridge*, 870 N.W.2d 502, 520-521 (Mich. 2015); *see also United States v. Booker*, 543 U.S. 220 (2005). Thus, Petitioner's sentence does not run afoul of *Alleyne* or *Lockridge*.

Issues V and VI, however, are not plainly meritless. Moreover, it would have been difficult for Petitioner to raise those issues on appeal as they allege ineffective assistance by the counsel who represented Petitioner at that time. It does not appear that Petitioner has engaged in intentionally dilatory litigation tactics. Petitioner meets the *Rhines* requirements for a stay. Consequently, the Court will stay this action and hold the petition in abeyance pending Petitioner's pursuit of his state remedies and compliance with the Court's requirements to return to this Court after his state remedies are exhausted.

An Order consistent with this Opinion will be entered.

Dated: March 21, 2018 /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                   United States District Judge